The Yatooma Law Firm, P.C.
45 Speedway
Pontiac, Michigan 48341
Tel: (248) 639-2000
Fax: (248) 481-2070
Edward G. Warren (EW - 8573)
ewarren@theyatoomalawfirm.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BLEND COTA and REDINA TILI, | ) | Civil Action No.: 21-cv-1519 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| - against - | ) | |
| | ) | |
| ART BRAND STUDIOS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Blend Cota ("Cota") and Redina Tili ("Tili;" collectively with Cota, "the Artists"), through their counsel, the Yatooma Law Firm, P.C., complaining of the defendant, Art Brand Studios, LLC ("Art Brand"), allege as follows:

**Nature of Action**

1.      This action seeks a judgment declaring that the non-compete and non-solicitation clauses of the agreements between the Artists and Art Brand are void and unenforceable under California law, which the parties agreed governed the contracts between them.

**Parties**

2.      Plaintiff Blend Cota is a citizen of the Dominion of Canada.

3.      Plaintiff Redina Tili is a citizen of the Dominion of Canada.

4.      Defendant Art Brand Studio, LLC is a citizen of the State of California.

1

**Jurisdiction and Venue**

5.      This Court has jurisdiction under Section 1332 of Title 28 of the United States Code.

6.      Cota is a citizen of the Dominion of Canada and a resident of the Providence of Ontario.

7.      Tili is a citizen of the Dominion of Canada and a resident of the Providence of Ontario.

8.      Art Brand is a limited liability company formed under the laws of the State of California with its principal place of business in Morgan Hill, California.

9.      This action is brought under Section 2201 of Title 28 of the United States Code.

10.      The amount in controversy exceeds $75,000.00.

11.      Through their agreements, the parties "submit and consent to the jurisdiction of the courts of the State of New York, City of New York, including Federal Courts located therein . . . ."

12.      The parties further agreed to consent "to the exclusive jurisdiction of any State or Federal court empowered to enforce this Agreement in the State of New York, and waive any objection thereto on the basis of personal jurisdiction or venue."

**Facts**

*Cota Publishing Agreement*

13.      On February 20, 2017, Cota and Art Brand executed an Exclusive Publishing Agreement ("Cota Publishing Agreement").

14.      The Cota Publishing Agreement contains the following:

**8. Term, Termination of the Agreement, and Residual Rights**

\*        \*        \*

d.        Artist understands that an essential term of this Agreement is that Artist will create Artwork with a unique and identifiable style, and Company would not enter this Agreement without the right to own that style of Artwork both during and following the term of this Agreement. Further, during this Agreement, the Company will further develop artistic styles related to Artist. As a result, Artist agrees that during this Agreement and following termination of this Agreement for any reason, Artist shall be prohibited from creating Artwork in a style confusingly similar to the style of the Artwork created under this Agreement, except upon the written consent of the Company, which may be withheld in Company's sole discretion.

e.        Artist understands that the Company has expended a very significant amount of capital to develop its marketing programs. During this Agreement, the Company will further develop unique image creation styles, marketing programs, manufacturing techniques, licensing programs and distribution channels to promote Artist. As a result, Artist agrees that following termination of this Agreement for any reason except for Company's material breach, except upon the written consent of the Company which may be withheld in Company's sole discretion, Artist shall be prohibited from (i) utilizing any unique marketing program similar to those programs of the Company, (ii) utilizing any unique manufacturing techniques of the Company, (iii) entering into any licensing relationship with any licensees under a license agreement with the Company; and (iv) selling or marketing to any customers or distribution channels identified or sold to during the term of this Agreement, except those Artist has sold to prior to this Agreement.

\*        \*        \*

**16. Antisolicitation**

During the Term, and for two (2) years thereafter, the parties will not influence or attempt to influence the other party's customers or suppliers or any of its present or future subsidiaries or affiliates, either directly or indirectly, to divert their business to any individual, partnership, firm, corporation or other entity then in competition with any business of the other party, or any subsidiary or affiliate of the other party.

\*        \*        \*

3

**18. Non-Circumvention**

During the Term, and for two (2) years thereafter, the Artist does hereby agree that neither the Artist nor the Artist's employees, agents, consultants, corporations, divisions, subsidiaries or partnerships or any other person, group or entity associated with the Artist, will make contact with, attempt to deal with or enter into any contract or Representative Relationship with any Contact Source introduced to the Artist by agents, employees or principals of the Company, without the prior written consent of the Company, which may be withheld in the Company's reasonable discretion. "Contact Source" shall mean any person, partnership, corporation or other legal entity. "Representative Relationship" shall mean any employment or independent contractor relationship entered into for the purpose of having the Contact Source sell, manufacture, represent and/or license products related to the Artist.

15.     The Cota Publishing Agreement contains the following choice-of-law provision:

**12. Governing Law**

This Agreement shall be construed and interpreted pursuant to the laws of the State of California. The parties hereto submit and consent to the jurisdiction of the courts of the State of New York, City of New York, including Federal Courts located therein, should Federal jurisdiction requirements exist in any action brought to enforce (or otherwise relating to) this Agreement. Each party hereby consents to the exclusive jurisdiction of any State or Federal court empowered to enforce this Agreement in the State of New York, and waives any objection thereto on the basis of personal jurisdiction or venue.

*Tili Publishing Agreement*

16.     On July 1, 2017, Tili and Art Brand executed an Exclusive Publishing Agreement ("Tili Publishing Agreement;" collectively with the Cota Publishing Agreement, "the Publishing Agreements").

17.     The Tili Publishing Agreement contains the following:

**8. Term, Termination of the Agreement, and Residual Rights**

*            *            *

4

d.      Artist understands that an essential term of this Agreement is that Artist will create Artwork with a unique and identifiable style, and Company would not enter this Agreement without the right to own that style of Artwork both during and following the term of this Agreement. Further, during this Agreement, the Company will further develop artistic styles related to Artist. As a result, Artist agrees that during this Agreement and following termination of this Agreement for any reason, Artist shall be prohibited from creating Artwork in a style confusingly similar to the style of the Artwork created under this Agreement, except upon the written consent of the Company, which may be withheld in Company's sole discretion.

e.      Artist understands that the Company has expended a very significant amount of capital to develop its marketing programs. During this Agreement, the Company will further develop unique image creation styles, marketing programs, manufacturing techniques, licensing programs and distribution channels to promote Artist. As a result, Artist agrees that following termination of this Agreement for any reason except for Company's material breach, except upon the written consent of the Company which may be withheld in Company's sole discretion, Artist shall be prohibited from (i) utilizing any unique marketing program similar to those programs of the Company, (ii) utilizing any unique manufacturing techniques of the Company, (iii) entering into any licensing relationship with any licensees under a license agreement with the Company; and (iv) selling or marketing to any customers or distribution channels identified or sold to during the term of this Agreement, except those Artist has sold to prior to this Agreement.

*        *        *

## 16. Antisolicitation

During the Term, and for two (2) years thereafter, the parties will not influence or attempt to influence the other party's customers or suppliers or any of its present or future subsidiaries or affiliates, either directly or indirectly, to divert their business to any individual, partnership, firm, corporation or other entity then in competition with any business of the other party, or any subsidiary or affiliate of the other party.

*        *        *

**18. Non-Circumvention**

During the Term, and for two (2) years thereafter, the Artist does hereby agree that neither the Artist nor the Artist's employees, agents, consultants, corporations, divisions, subsidiaries or partnerships or any other person, group or entity associated with the Artist, will make contact with, attempt to deal with or enter into any contract or Representative Relationship with any Contact Source introduced to the Artist by agents, employees or principals of the Company, without the prior written consent of the Company, which may be withheld in the Company's reasonable discretion. "Contact Source" shall mean any person, partnership, corporation or other legal entity. "Representative Relationship" shall mean any employment or independent contractor relationship entered into for the purpose of having the Contact Source sell, manufacture, represent and/or license products related to the Artist.

18.     The Tili Publishing Agreement contains the following choice-of-law provision:

**12. Governing Law**

This Agreement shall be construed and interpreted pursuant to the laws of the State of California. The parties hereto submit and consent to the jurisdiction of the courts of the State of New York, City of New York, including Federal Courts located therein, should Federal jurisdiction requirements exist in any action brought to enforce (or otherwise relating to) this Agreement. Each party hereby consents to the exclusive jurisdiction of any State or Federal court empowered to enforce this Agreement in the State of New York, and waives any objection thereto on the basis of personal jurisdiction or venue.

*Dispute Between the Artists and Art Brand*

19.     At no point did Art Brand provide Tili with royalty reports as required under the Tili Publishing Agreement.

20.     Art Brand failed to pay royalties owed to the Artists.

21.     The Artists attempted to resolve the issue with Art Brand, but it refused to either supply the quarterly royalty reports as required under the Publishing Agreements or the royalties owed to the Artists.

22.     In an effort to earn income, the Artists attempted to find other options/avenues to sell their artwork.

23.     Upon information and belief, any option/avenue the Artists sought out were interfered with by Art Brand.

24.     Art Brand refuses to pay the amounts it owes the Artists while simultaneously interfering with the Artists' ability to earn a living.

25.     In essence, Art Brand wants the Artists to work exclusively for it and without compensation.

## Declaration Sought

26.     Section 16600 of the California Business and Professional Code states, "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

27.     The Artists and Art Brand agreed that California law governed the Publishing Agreements.

28.     In order to resolve this controversy, the Artists request that -- under Section 2201 of Title 28 of the United States Code and Section 16600 of the California Business and Professional Code -- this Court declare that any restraint in the Publishing Agreements on the Artists' ability to create, sell, or distribute -- or otherwise enter into agreements with other parties to sell and distribute -- artwork are void and unenforceable.

## Propriety of Declaration

29.     A valid case or controversy exists sufficient for this Court to declare the rights and remedies of the parties in that valid contracts exist between the Artists and Art Brand but the

restraints on the Artists' ability to engage in their lawful profession, trade, or business are void under Section 16600 of the California Business and Professional Code.

30.     The Artists have the requisite standing to request this declaration as their rights under California law are being infringed by Art Brand.

31.     The controversy is ripe for determination at this time because Art Brand continues to interfere with the Artists' ability to engage in their lawful profession, trade, or business in violation of California law.

## Request for Relief

32.     For the reasons set forth above, Plaintiffs request that:

    a.  This Court issue a judgment declaring that:

        i.   The provisions of the Cota Publishing Agreement that restrain him from engaging in his lawful profession, trade, or business are void and unenforceable; and

        ii.  The provisions in the Tili Publishing Agreement that restrain her from engaging in her lawful profession, trade, or business are void and unenforceable.

    b.  Plaintiffs recover their costs for this action; and

    c.  This Court award Plaintiffs such further relief as is just.

## JURY DEMAND

Plaintiffs demand that any trial in this action be heard by a jury.

Dated: Oakland County, MI                    Respectfully submitted,
       February 19, 2021

                                           */s/ Edward G. Warren*
                                           Edward G. Warren (EW – 8573)
                                           The Yatooma Law Firm, P.C.
                                           *Counsel for Plaintiffs*

45 Speedway
Pontiac, Michigan 48341
Tel: (248) 639-2000
Fax: (248) 481-2070
Edward G. Warren (EW - 8573)
ewarren@theyatoomalawfirm.com


TO:        ART BRAND STUDIOS, LLC
                *Defendant*
                18715 Mandrone Parkway
                Morgan Hill, California 95037