USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
      :
BLEND COTA, et al.,      :
      :
                      Plaintiffs,      :
      :      21-cv-1519 (LJL)
            -v-      :
      :      MEMORANDUM AND
ART BRAND STUDIOS, LLC,      :      ORDER
      :
                      Defendant.      :
      :
---------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Defendant Art Brand Studios, LLC ("Art Brand" or "Defendant") moves for a stay of discovery pending a decision on its fully-submitted motion to dismiss the complaint of Blend Cota, Redina Tili, and RedBlend Art, Inc. (collectively "Plaintiffs") for failure to state a claim for relief. Dkt. No. 59. The motion is granted.

    Upon a showing of "good cause," a court may grant a motion to stay discovery pending decision on a motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4) (providing that discovery schedule "may be modified only for good cause and with the judge's consent"). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *see also Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). In determining the strength of the motion to dismiss, a court considers whether it presents "substantial grounds" for dismissal, *Hong Leong*, 297 F.R.D. at 72 (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 2013)), or the alternative formulation presented by Judge Gorenstein, whether there is

a "strong showing that [the party moving for the stay] is likely to succeed on the merits," *id.* at 73 (alteration in original) (quoting *U.S. S.E.C. v. Citigroup Global Mkts., Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012)).

The motion for a stay of discovery satisfies all three elements.  First, without prejudging the merits, it appears that the motion to dismiss is likely to succeed on the merits and, at a minimum, presents substantial grounds for dismissal.  Defendant makes powerful arguments that, while Plaintiffs allege claims for breach of contract, Plaintiffs fail to identify any contractual obligations that Defendant violated.  Although Plaintiffs allege a number of other claims, they each face similar difficulties.  Second, although Plaintiffs have yet to serve their discovery requests in this case, they served extremely broad requests for documents in a related arbitration (that ultimately was abandoned) and they do not dispute that they will seek similarly broad discovery in this case, asserting only that it will fall within the grounds of Rule 26.  Dkt. No. 60.  Finally, Plaintiffs have not made a sufficient showing that they will suffer prejudice by the granting of a short stay.  They assert that they will be "left destitute" if "Art Brand continues to hold them to exclusive agreements to which it has no intention of honoring."  *Id.* at 2.  However, the First Amended Complaint, unlike the original complaint in this matter, no longer challenges the restraints on competition in the contracts at issue as void and unenforceable.  *See* Dkt. No. 35.  The dispute between the parties dates back nearly four years to mid-2018.  *See Cota v. Art Brand Studios, LLC*, 2021 WL 4864588, at *4 (S.D.N.Y. Oct. 15, 2021).  Assuming that the Court is wrong in its initial view that the motion is likely to succeed and assuming that the First Amended Complaint survives the motion to dismiss, there is no reason to believe that Plaintiffs would suffer prejudice for the short period of time the Court expects will be necessary to reach that conclusion and to rule on the motion.

## CONCLUSION

The motion for a stay of discovery is GRANTED.

SO ORDERED.

Dated: March 14, 2022
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge